UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD LEE HILTON,

                Petitioner,                        Case No. 17-13603

v.                                                        HON. AVERN COHN

ROBERT J. PICKELL,

                Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 8)
## AND
## DENYING PETITIONER'S MOTION'S (Docs. 9, 17, 20)
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case. Edward Lee Hilton, ("Petitioner"), presently confined at a Michigan correctional facility, originally filed this petition for writ of habeas corpus against the Genesee County Sheriff while he was a pretrial detainee.

Before the Court are several motions: Respondent's motion to dismiss (Doc. 8); Petitioner's motion for default judgment (Doc. 9); Petitioner's motion for an evidentiary hearing (Doc. 17); and Petitioner's motion to amend (Doc. 20)

For the reasons that follow, Respondent's motion will be granted and Petitioner's motions will be denied.

### II. Background

In 2016, Petitioner was arrested and charged with murder and other crimes. He filed the instant petition on November 3, 2017, asserting that his rights under the Sixth

Amendment's Speedy Trial Clause were being violated. In the interim, Petitioner's jury trial commenced on January 10, 2018. Petitioner was convicted of second-degree murder, assault with intent to commit murder, carrying a concealed weapon, and commission of a felony with a firearm. He was sentenced to 25-to-50 years for the murder and assault convictions and lesser terms for the firearm convictions. Petitioner filed notice of appeal on July 18, 2018. His direct appeal remains pending in the Michigan Court of Appeals.[1]

### III. Discussion

#### A. Motion to Dismiss

Respondent says the petition must be dismissed because Petitioner has yet to exhaust his Speedy Trial claim with the state courts.[2] The Court agrees. Prisoners seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b-c); Picard v. Connor, 404 U.S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, petitioners must present their grounds for review to both state appellate courts. See Regan v. Hoffner, 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002) citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Prisoners that are confined based on a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

---

[1]The Court takes judicial notice of the docket sheet in People v. Hilton, Genesee County No. 16-039586-FC.

[2]Petitioner filed an application for leave to appeal in the Michigan Court of Appeals prior to trial, purportedly raising his Speedy Trial claim. The appeal was dismissed without prejudice for his failure to comply with the court rules. People v. Hilton, No. 336342 (Mich. Ct. App. Feb. 7, 2017). The dismissal was not appealed to the Michigan Supreme Court.

2

Here, Petitioner has not presented his Speedy Trial claim to both the Michigan Court of Appeals and Michigan Supreme Court. Petitioner must present his claim to the state courts during his direct review proceeding before presenting them here.

B. Petitioner's Motions

In light of the dismissal, Petitioner's motion for default judgment, for an evidentiary hearing, and for leave to amend are moot. None of these motions provide a basis for avoiding the exhaustion requirement.

C. Certificate of Appealability

Finally, because jurists of reason would not find it debatable whether the Court was correct in its procedural ruling, Petitioner is not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000).

IV. Conclusion

For the reasons stated above, Respondent's Motion to Dismiss is GRANTED. Petitioner's pending motions (Docs. 9, 17, 20) are DENIED AS MOOT. A certificate of appealability is DENIED.

The petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/6/2018
Detroit, Michigan